## SUPERIOR COURT.

### APRIL 8, 1835.

### CORAM HOFFMAN, J.

LOREAUX *against* MANGE.

Whether the oath of a party at the custom-house, stating the prime cost of an imported article, with a view to the duties to be paid, is conclusive on him in a controversy with a third person, in which such prime cost comes in question. *Quære.*

An award, upon an arbitration between partners, directed certain goods to be brought into account at prime cost. *Quære*, whether the entry, at the custom-house, on the oath of one of the parties, as to such prime cost, concludes such partner.

REPLEVIN in the *detinet* for divers goods, &c.

Plea, *non-detinet.*

The plaintiff and defendant had been co-partners in the importation and sale of baskets. During the partnership, the defendant imported, from France, large quantities of baskets for his own benefit; this seemed to have created dissensions, and the parties finally left all their difficulties to arbitrators, with power to the arbitrators to dissolve the partnership. The arbitrators accordingly awarded a dissolution, and likewise directed that, in the adjustment of their concerns, the irregular or individual importations should be brought into common stock and be equally divided between

the partners, with the other stock on hand, and that the plaintiff should be charged one-half the original cost, with the expenses and three per cent. commissions. A division was consequently made, and after plaintiff had removed a portion of his share, the defendant refused to allow the removal of the residue, alleging that he had not been paid for the one-half of the individual importations. The plaintiff insisted that he had been fully paid, and, upon his refusal to deliver, brought his writ of replevin.

The question in this cause consequently was, at what price those goods were to be charged. The plaintiff produced the affidavit of the defendant, made at the custom-house at the time of the entry, in which he swore, for the purpose of establishing the amount of duties to be paid by him to government, that a certain invoice, annexed to his affidavit, was true, and contained a true statement of the actual cost and charges of the articles in question, amounting to 1,000 francs. The plaintiff insisted that this affidavit concluded the defendant on the question of price.

The plaintiff had paid defendant at this rate, and so, in this view, entitled himself to the goods.

The defendant produced another invoice, in which the goods were charged at 5,000 francs, and offered evidence to show that this was the true invoice, and consequently his oath untrue. Taking this last invoice as the true price, then the plaintiff had not paid enough to entitle him to the goods in question.

HOFFMAN, J., severely censured the proceedings of the defendant, and then stated that he was not prepared to say

Loreaux v. Mange.

that the defendant's oath concluded him as to the value, although a celebrated judge, in England, had so held at *Nisi Prius*. That he would, however, leave it to the jury to fix the price from the evidence in the case, if any could be found on which they could rely. He, however, would strongly recommend them to take the defendant's oath, in this case, as the true estimate.(1)

The jury, after many hours absence, were discharged, not being able to agree.

*Logan* and *Anthon*, for plaintiff.

*Cutting* and *Russell*, for defendant.

(1) *Champlin* v. *Buller*, 18 Johns. 168; *Ring et al.* v. *Franklin*, 2 Halk, 9; *Weston* v. *Penniman*, 1 Mason, 306.